1
2

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

3
4
5
6
7
8

| | |
|---|---|
| LARRY MICHAEL FULKERSON,<br><br>                              Plaintiff,<br><br>     v.<br><br>ALLSTATE INSURANCE, et al.,<br><br>                              Defendants. | 3:19-cv-00729-MMD-CLB<br><br>**REPORT AND RECOMMENDATION<br>OF U.S. MAGISTRATE JUDGE**[1] |

9
10
11
12

Before the court is Plaintiff Larry Fulkerson's ("Fulkerson"), application to proceed *in forma pauperis* (ECF No. 1), and his *pro se* civil rights complaint (ECF No. 1-1).  For the reasons stated below, the court recommends that Fulkerson's *in forma pauperis* application (ECF No. 1) be granted, and his complaint (ECF No. 1-1) be dismissed, with prejudice.

13

**I.    *IN FORMA PAUPERIS* APPLICATION**

14
15
16
17
18
19
20

A person may be granted permission to proceed *in forma pauperis* ("IFP") if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefore.  Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress."  28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

21
22
23
24

The Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial

25
26
27

---

[1]    This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"[T]he supporting affidavit [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

A review of the application to proceed IFP reveals Fulkerson cannot pay the filing fee; therefore, the court recommends that the application (ECF No. 1) be granted.

## II.    SCREENING STANDARD

Prior to ordering service on any defendant, the Court is required to screen an *in forma pauperis* complaint to determine whether dismissal is appropriate under certain circumstances. *See Lopez*, 203 F.3d at 1126 (noting the *in forma pauperis* statute at 28 U.S.C. § 1915(e)(2) requires a district court to dismiss an *in forma pauperis* complaint for the enumerated reasons). Such screening is required before a litigation proceeding *in forma pauperis* may proceed to serve a pleading. *Glick v. Edwards*, 803 F.3d 505, 507 (9th Cir. 2015).

"[T]he court shall dismiss the case at any time if the court determines that – (A) the allegations of poverty is untrue; or (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) tracks that language. When reviewing the adequacy of a complaint under this statute, the court applies the same standard as is applied under Rule 12(b)(6). *See, e.g., Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a

1    claim."). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See*

2    *Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

3        The Court must accept as true the allegations, construe the pleadings in the light

4    most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v.*

5    *McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints

6    are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v.*

7    *Rowe*, 449 U.S. 5, 9 (1980) (internal quotations marks and citation omitted).

8        A complaint must contain more than a "formulaic recitation of the elements of a cause

9    of actions," it must contain factual allegations sufficient to "raise a right to relief above the

10   speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading

11   must contain something more. . . than. . . a statement of facts that merely creates a suspicion

12   [of] a legally cognizable right of action." *Id.* (citation and quotation marks omitted). At a

13   minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible

14   on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

15       A dismissal should not be without leave to amend unless it is clear from the face of

16   the complaint the action is frivolous and could not be amended to state a federal claim, or

17   the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*,

18   70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

19   **III.    SCREENING OF COMPLAINT**

20       In his complaint, Fulkerson sues Defendants Allstate Insurance and Allstate

21   Insurance Agent Shawna Honea under 28 U.S.C. § 1332 for a purported breach of contract.

22   (*See* ECF No. 1-1.) The court first notes that while the plaintiff in this case is listed as "Larry

23   Michael Fulkerson," it appears Fulkerson is deceased pursuant to documentation attached

24   to the complaint (*See* ECF Nos. 1-5, 1-6), and this case is really being brought by

25   Fulkerson's son, Heath Vincent Fulkerson ("Heath"). (*See* ECF Nos. 1-2, 1-3.) Heath

26   purports to be Fulkerson's "special administrator" pursuant to Nevada Revised Statute

27   ("NRS") 140.040. (ECF No. 1-2.) However, Heath does not assert himself as a named

insured, additional insured, an "insured person" or any other individual related to the alleged August 2, 2019 Allstate policy between Allstate and Fulkerson.  Instead, the sole basis for Heath's standing to bring this action is the assertion that he is the "administrator of the estate." (*Id.*)  However, the only Plaintiff listed is Larry Michael Fulkerson.  Accordingly, the complaint should be dismissed as Fulkerson is not a proper party to this litigation.

The court further notes that the allegations in this case are nearly identical to those in a companion case filed by Fulkerson in November 27, 2019, Case No. 3:19-cv-00710-RCJ-WGC. That case also names Allstate Insurance and Shawna Honea as defendants, in addition to Enterprise Rent-A-Car, for a purported breach of contract.  (*See* ECF No. 1, Case No. 3:19-cv-00710-RCJ-WGC.)   Duplicative litigation by a plaintiff proceeding *in forma pauperis* may be dismissed as malicious under 28 U.S.C. § 1915(e).  *See Cato*, 70 F.3d at 1105 n.2 (citing *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (holding that repetitious litigation of virtually identical causes of action is subject to dismissal as malicious)); *Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir. 1993) (holding that it is malicious for a "pauper" to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same plaintiff).

Based on Fulkerson not being a proper party to this litigation and the duplicative nature of this action, the court recommends that the complaint be dismissed, with prejudice, as amendment would be futile.

## IV.    CONCLUSION

For the reasons articulated above, the court recommends that Fulkerson's application to proceed *in forma pauperis* (ECF No. 1) be granted, and his complaint (ECF No. 1-1) be dismissed, with prejudice, as amendment would be futile.

The parties are advised:

1.    Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt.   These objections should be entitled "Objections to

Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.      This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## V.    RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Fulkerson's application to proceed *in forma pauperis* (ECF No. 1) be **GRANTED**;

**IT IS FURTHER RECOMMENDED** that the Clerk **FILE** the complaint (ECF No. 1-1); and,

**IT IS FURTHER RECOMMENDED** that Fulkerson's complaint (ECF No. 1-1) be **DISMISSED, WITH PREJUDICE**.

**DATED:** _____March 23, 2020_____.

_____
**UNITED STATES MAGISTRATE JUDGE**